# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LARRY D. CONLEY,**
        **Plaintiff,**

    v.                                  Case No. 11-CV-00308

**MICHAEL THURMER, et al.**
        **Defendants.**

## DECISION AND ORDER

Plaintiff, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated during his confinement at the Waupun Correctional Institution. This matter comes before the court on plaintiff's motions to appoint counsel and to correct his complaint, and on defendants' motion to compel the plaintiff to sign a medical release.

## Plaintiff's Motion for Counsel

Although the court is authorized to request an attorney to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(e)(1), indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. Pruitt v. Mote, 503 F.3d 647, 649 (7th Cir. 2007). Because plaintiff has documented his unsuccessful efforts to retain an attorney, I will consider the question of "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty." Id. at 655. Plaintiff states that he is unable to afford counsel and needs legal assistance because the prison denied his application for legal loans, he has only limited time and legal materials while he is in segregation confinement, and he is on psychiatric medication. At

this point, however, plaintiff is no longer incarcerated and it does not appear that he faces exceptional circumstances rendering him incapable of representing himself. Romanelli v. Suliene, 615 F.3d 847, 853 (7th Cir. 2010) (affirming district court's determination that prisoner who took an anti-depressant medication could competently represent himself). Plaintiff has represented himself in several other actions, including successfully defending against motions to dismiss and for summary judgment in Conley v. Friedrich, Case No. 11-CV-501 (E.D. Wis.). Accordingly, I find plaintiff competent to litigate his own claims in this action.

**Plaintiff's Motions for Corrections**

Plaintiff has been permitted to proceed on an Eighth Amendment claim that he was injured by inadequate heating, excessive lighting, and inadequate toilet paper, along with a related Eighth Amendment claim that he was prevented from receiving adequate medical care. By motion, plaintiff seeks permission to also proceed on claims that defendants violated his Fourteenth Amendment due process rights by restricting him from pens and paper without adequate notice and a hearing, and violated his First Amendment rights by removing his Bible from his cell and by denying him the opportunity to send and receive mail while those restrictions were in place. A pen and paper restriction is not unusually harsh, and imposition of it for only ten days is too brief to implicate a liberty interest, so plaintiff may not proceed on a due process claim. Marion v. Columbia Corr. Inst., 559 F.3d 697–98 (7th Cir. 2009) (stating that "a liberty interest may arise if the length of segregated confinement is substantial and the record reveals that the conditions of confinement are unusually harsh" and finding that a length of 240 days may implicate due process

2

concerns). However, although plaintiff did not articulate a First Amendment legal theory in his complaint, the factual allegations in the complaint are sufficient to proceed on First Amendment claims that defendants violated his right to exercise his religion and to send and receive mail.

Plaintiff also filed motions seeking to correct the spelling of the names of two defendants. Accordingly, those names will be corrected from "Lawson" to "Larson" and from "Hibert" to "Hebert."

### Defendants' Motion to Compel

Defendants request an order compelling plaintiff to sign a form consenting to the release of his medical records. Plaintiff has not responded to this motion. Because plaintiff's medical records appear "reasonably calculated to lead to the discovery of admissible evidence" in this case, which includes claims related to plaintiff's medical history, plaintiff must sign the proposed medical release in order to proceed on his claims. Federal Rule of Civil Procedure 26(b)(1). Defendants shall promptly provide the plaintiff with a new medical release authorization, which he shall sign and return within ten days after receiving, if he wishes to proceed with this action.

**THEREFORE, IT IS ORDERED** that plaintiff's motions to amend/correct [DOCKET #11, #12, and #19] are **GRANTED in part**. The docket shall reflect the correction of defendant "Lawson" to "Larson" and from defendant "Hibert" to "Hebert." The court will also permit plaintiff to proceed on the First Amendment claims identified in this order in addition to the Eighth Amendment claims previously identified.

**IT IS FURTHER ORDERED** that plaintiff's for counsel [DOCKET #16] is **DENIED**.

**IT IS FURTHER ORDERED** that defendants' motion to compel [DOCKET #22] is **GRANTED**. Plaintiff shall authorize release of his health records and shall sign and return a new medical release authorization within ten days of receiving it from the defendants.

**IT IS FURTHER ORDERED** that to expedite a resolution of this case, the following scheduling order is set forth:

1. **Discovery.** All requests for discovery shall be served by a date sufficiently early so that all discovery is completed no later than **May 29, 2012.**

    The parties are advised that, pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, the defendants may depose the plaintiff and any other witness confined in a prison upon condition that, at least fourteen days before such a deposition, defendants serve all parties with the notice required by the rule.

    The parties may file motions to amend the pleadings or add parties no later than **March 29, 2012.** This includes the identification of the parties previously identified as John Does. If the parties previously identified as John Does have not been identified by **March 29, 2012**, they will be subject to dismissal.

2. **Dispositive Motions.** Motions to dismiss (Rule 12 of the Federal Rules of Civil Procedure) and motions for summary judgment (Rule 56 of the Federal Rules of Civil Procedure), together with briefs, are to be filed no later than **June 29, 2012**, and in accordance with Civil Local Rule 7 (E.D. Wis.). Copies of Rule 56 and Civil Local Rule 7 (E.D. Wis.) are included with this order.

    If a party files a motion for summary judgment, Rule 56 requires a district court to grant summary judgment "if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

3. **Compliance with Court Rules and Orders.** The plaintiff is further advised that failure to make a timely submission or otherwise comply with the court's orders may result in the dismissal of this action for failure to prosecute.

4. **Service.** A copy of every paper or document filed with the court must be sent to opposing parties. Fed. R. Civ. P. 5(a).

Dated at Milwaukee, Wisconsin, this 23rd day of February 2012.

s/_____
LYNN ADELMAN
District Judge

Rule 56. Summary Judgment

(a) Motion for Summary Judgment or Partial Summary Judgment. A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

(b) Time to File a Motion. Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

(c) Procedures.

> (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> (2) Objection That a Fact Is Not Supported by Admissible Evidence. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> (3) Materials Not Cited. The court need consider only the cited materials, but it may consider other materials in the record.
>
> (4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

(d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

> (1) defer considering the motion or deny it;

> > (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> > (3) issue any other appropriate order.
>
> (e) Failing to Properly Support or Address a Fact. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> > (1) give an opportunity to properly support or address the fact;
>
> > (2) consider the fact undisputed for purposes of the motion;
>
> > (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or
>
> > (4) issue any other appropriate order.
>
> (f) Judgment Independent of the Motion. After giving notice and a reasonable time to respond, the court may:
>
> > (1) grant summary judgment for a nonmovant;
>
> > (2) grant the motion on grounds not raised by a party; or
>
> > (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.
>
> (g) Failing to Grant All the Requested Relief. If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact--including an item of damages or other relief--that is not genuinely in dispute and treating the fact as established in the case.
>
> (h) Affidavit or Declaration Submitted in Bad Faith. If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court--after notice and a reasonable time to respond--may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

CREDIT(S)

(Amended December 27, 1946, effective March 19, 1948; January 21, 1963, effective July 1, 1963; March 2, 1987, effective August 1, 1987; April 30, 2007, effective December 1, 2007; March 26, 2009, effective December 1, 2009; April 28, 2010, effective December 1, 2010.)

Civil L. R. 7. Form of Motions and Other Papers

(a) Form of Motion and Moving Party's Supporting Papers. Every motion must state the statute or rule pursuant to which it is made and, except for those brought under Civil L. R. 7(h) (Expedited Non-Dispositive Motion Practice), must be accompanied by:

> (1) a supporting memorandum and, when necessary, affidavits, declarations, or other papers; or
>
> (2) a certificate stating that no memorandum or other supporting papers will be filed.

(b) Non-Moving Party's Response. For all motions other than those for summary judgment or those brought under Civil L. R. 7(h) (Expedited Non-Dispositive Motion Practice), any memorandum and other papers in opposition must be filed within 21 days of service of the motion.

(c) Reply. For all motions other than those for summary judgment or those brought under Civil L. R. 7(h) (Expedited Non-Dispositive Motion Practice), the moving party may serve a reply memorandum and other papers within 14 days from service of the response memorandum.

(d) Sanction for Noncompliance. Failure to file either a supporting memorandum or other papers, or a certificate of counsel stating that no memorandum or other supporting papers will be filed, is sufficient cause for the Court to deny the motion. Failure to file a memorandum in opposition to a motion is sufficient cause for the Court to grant the motion. The Court also may impose sanctions under General L. R. 83(f).

(e) Oral Argument. The Court will hear oral argument at its discretion.

(f) Length of Memoranda. Subject to the limitations of Civil L. R. 7(h) (Expedited Non-Dispositive Motion Practice) and Civil L. R. 56 (Summary Judgment Motion Practice), the principal memorandum in support of, or in opposition to, any motion must not exceed 30 pages and reply briefs must not exceed 15 pages (excluding any caption, cover page, table of contents, table of authorities, and signature block). No memorandum exceeding the page limitations may be filed unless the Court has previously granted leave to file an oversized memorandum.

(g) Modification of Provisions in Particular Cases. The Court may provide by order or other notice to the parties that different or additional provisions regarding motion practice apply.

(h) Expedited Non-Dispositive Motion Practice.

> (1) Parties in civil actions may seek non-dispositive relief by expedited motion. The motion must be designated as a "Civil L. R. 7(h) Expedited Non-

Dispositive Motion." The Court may schedule the motion for hearing or may decide the motion without hearing. The Court may designate that the hearing be conducted by telephone conference call. The Court may order an expedited briefing schedule.

(2) The motion must contain the material facts, argument, and, if necessary, counsel's certification pursuant to Civil L. R. 37. The motion must not exceed 3 pages excluding any caption and signature block. The movant may not file a separate memorandum with the motion. The movant may file with the motion an affidavit or declaration for purposes of (1) attesting to facts pertinent to the motion and/or (2) authenticating documents relevant to the issue(s) raised in the motion. The movant's affidavit or declaration may not exceed 2 pages. The respondent must file a memorandum in opposition to the motion within 7 days of service of the motion, unless otherwise ordered by the Court. The respondent's memorandum must not exceed 3 pages. The respondent may file with its memorandum an affidavit or declaration for purposes of (1) attesting to facts pertinent to the respondent's memorandum and/or (2) authenticating documents relevant to the issue(s) raised in the motion. The respondent's affidavit or declaration may not exceed 2 pages. No reply brief is permitted absent leave of Court.

(3) The provisions of subsection (h) do not apply to 42 U.S.C. § 1983 actions brought by incarcerated persons proceeding pro se.

(i) Leave to file paper. Any paper, including any motion, memorandum, or brief, not authorized by the Federal Rules of Civil Procedure, these Local Rules, or a Court order must be filed as an attachment to a motion requesting leave to file it. If the Court grants the motion, the Clerk of Court must then file the paper.

(j) Citations.

(1) With the exception of the prohibitions in Seventh Circuit Rule 32.1, this Court does not prohibit the citation of unreported or nonprecedential opinions, decisions, orders, judgments, or other written dispositions.

(2) If a party cites an unreported opinion, decision, order, judgment or other written disposition, the party must file and serve a copy of that opinion, decision, order, judgment, or other written disposition.